Because Rule 32, Ala. R.Crim. P., does not provide a procedure for reopening proceedings after a final order has been entered, the circuit court properly refused to reopen the prior Rule 32 proceedings in this case. However, I do not agree that the circuit court properly summarily denied relief on the appellant's request for post-conviction DNA testing.
Alabama has not established a procedure for defendants to use to request post-conviction DNA testing. Nevertheless, this court, the Alabama Supreme Court, and the Legislature should recognize the need for, and the importance of, post-conviction DNA testing in certain cases. Therefore, I strongly urge the Legislature to pass statutes and/or the Alabama Supreme Court to establish rules that allow for, and set parameters for, post-conviction DNA testing.[8] In this regard, I suggest that those bodies consider adopting the guidelines set forth below.
A person who has been convicted of an offense in the State of Alabama should be allowed to file a motion for post-conviction DNA testing. A petitioner who requests post-conviction DNA testing should be required to make a prima facie showing that:
 1) he has exercised due diligence and has timely presented his request for testing;
 2) the evidence to be tested is still in existence and is in such a condition that DNA testing may be conducted;
 3) the evidence to be tested has been subject to a chain of custody sufficient to *Page 873 
establish that it has not been substituted, tampered with, degraded, contaminated, replaced, or altered in any material aspect;
 4) the evidence was not previously subjected to DNA testing or was not subjected to the type of DNA testing that is now requested and the new testing may resolve an issue not resolved by the prior testing;
 5) the requested testing uses a scientifically valid technique and the results of such testing would likely be admissible at trial;
 6) the evidence to be tested is material to the issue of the petitioner's identity as the perpetrator of, or accomplice to, the offense for which he was convicted; and
 7) the identity of the petitioner as the perpetrator of the offense was at issue during the petitioner's trial.
When a petitioner requests post-conviction DNA testing, the circuit court should allow the State to respond to the request. It should also conduct a hearing on the request if it determines that such a hearing is necessary. Thereafter, the circuit court should make specific, written findings of fact as to whether a petitioner has or has not made a prima facie showing that post-conviction DNA testing should be ordered. Once a petitioner has made such a prima facie showing, the circuit court should make additional specific, written findings of fact as to whether the result of the trial or sentencing probably would have been more favorable to the petitioner if the results of the testing had been known at either of those times. If it determines that the result of the trial or sentencing probably would have been more favorable to the petitioner, then the court should order post-conviction DNA testing on such terms and under such conditions as it deems to be appropriate. Such terms and conditions should include, but should not be limited to, safeguards that ensure the integrity of the evidence and the testing process. After the testing has been completed, the petitioner should be allowed to seek relief pursuant to Rule 32, Ala. R.Crim. P.
As Judge Shaw noted in his special concurrence in Dowdell, petitioners like the appellant face a "catch 22" because Alabama has not established a procedure for defendants to use to request post-conviction DNA testing. However, such petitioners should not be left without a remedy simply because the Legislature and/or the Alabama Supreme Court have not yet addressed this situation. Until one of those bodies acts, circuit courts should consider requests for post-conviction DNA testing, and this court should review rulings on such requests, on a case-by-case basis applying the guidelines set forth in this dissent.
In concluding that the appellant did not demonstrate that the grounds for his request for post-conviction DNA testing constitute newly discovered evidence, the majority is making a finding of fact that is better left to the circuit court. Accordingly, I respectfully dissent.
[8] I encourage those bodies to consider the following statutes and rules: Ariz.Rev.Stat. Ann. § 13-4240 (West 2001); Ark. Code Ann. § 16-112-201 through -207 (Michie Supp. 2003); Cal.Penal Code § 1405 (West 2000); Del. Code Ann. tit. 11, § 4504 (Supp. 2000); Fla. Stat. ch. 925.11 (2003); Ga. Code Ann. § 5-5-41
(Supp. 2003); 725 Ill. Comp. Stat. 5/116-3 (2002); Ind. Code §§35-38-7-1 through -19 (Michie Supp. 2003); Kan. Stat. Ann. §21-2512 (Supp. 2003); Me.Rev.Stat. Ann. tit. 15, §§ 2136-2138 (West 2003); Md. Code Ann., Criminal Procedure § 8-201 (Supp. 2003); Mich. Comp. Laws Ann. § 770.16 (West Supp. 2004); Minn.Stat. §§ 590.01 — 590.06 (2002); Mo.Rev.Stat. § 547.035 (Supp. 2002); Neb.Rev.Stat. § 29-4116 through 29-4125 (Supp. 2001); N.J. Stat. Ann. § 2A:84A-32a (West Supp. 2003); N.M. Stat. Ann. §31-1A-2 (Michie 2000); N.Y.Crim. Proc. Law § 440.30 (McKinney Supp. 2004); N.C. Gen.Stat. §§ 15A-268 through 15A-270 (2003); Ohio Rev. Code Ann. §§ 2953.71 through 2953.83 (Anderson 2004); Okla. Stat. tit. 22, §§ 1371.1 through 1372 (2001); 42 Pa. Cons.Stat. Ann. § 9543.1 (West Supp. 2004); R.I. Gen. Laws §10-9.1-11 (Supp. 2003); Tenn. Code Ann. §§ 40-30-301 through40-30-313(2000); Tex.Crim. Proc. Code Ann. §§ 64.01-64.05 (West Supp. 2004); Utah Code Ann. §§ 78-35a-301 through 78-35a-304 (2002); Wash. Rev. Code § 10.73.170 (2002); Rule 3.853, Fla. R.Crim. P.